# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **NYHEIM REAVES,** | | : | |
| | **Plaintiff** | : | **No.  3:21-CV-1282** |
| | | : | |
| **v.** | | : | **Magistrate Judge Joseph F. Saporito, Jr.** |
| | | : | |
| **JENNIFER ROSSMAN, CURTIS GRICE, MS. BAKER** *and* **MS. NELSON,** | | : | **Electronically Filed Document** |
| | | : | |
| | | : | *Complaint Filed 07/21/21* |
| | **Defendants** | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

Plaintiff, a *pro se* inmate, has filed a § 1983 action alleging Defendants violated his rights under the Americans With Disabilities Act (ADA), as well as 8th and 14th Amendment violations. Plaintiff does not allege he was kept from any program as a result of his disability, and no facts are alleged in support of the repeated claims that he was not "helped."  The "help" he wanted was he did not want a cellmate, which is not a constitutional claim (Doc 1-1). Further, the fact that he is the subject of a criminal prosecution for attacking his cellmate is also not a constitutional violation, it is the expected result from his failure to control himself. This case should be dismissed.

## I.      PROCEDURAL HISTORY

Plaintiff, a *pro se* inmate, filed this suit on July 21, 2021 (Doc 1). Although the facts do not appear in the complaint, the attachments appear to show that the Plaintiff is suing because he was criminally prosecuted for attacking his cellmate (Doc 1, *See* Attachments). Defendants filed a Motion to Dismiss on September 27, 2021 (Doc 23). This Brief is filed in Support of the Motion.

## II.     FACTS

Defendants assert that the only facts necessary for the determination of this Motion appear in the Procedural History, above.

## III.    STATEMENT OF QUESTIONS PRESENTED

A. HAS THE PLAINTIFF PROPERLY PLED AN 8TH AMENDMENT VIOLATION?

B. HAS THE PLAINTIFF PROPERLY PLED THAT THE DEFENDANTS ARE PERSONALLY RESPONSIBLE FOR THE ALLEGED CONSTITUTIONAL VIOLATIONS?

C. HAS THE PLAINTIFF PLED A PROPER 14TH AMENDMENT VIOLATION?

**SUGGESTED ANSWERS IN THE NEGATIVE.**

## IV.   <u>ARGUMENT</u>

### <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) tests the sufficiency of the complaint against Rule 8(a)(2) which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Haskins v. DeRose*, No. 1:10-CV-2509, 2011 WL 2654112, at \*2 (M.D. Pa. July 6, 2011). The purpose of this pleading requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Haskins*, 2011 WL 2654112 at \*2. Admittedly, the complaint is short and plain, but it also plainly fails to properly allege an 8th Amendment violation or personal responsibility of the Defendants.

A complaint will only survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). To determine whether or not a complaint states a plausible claim of relief, the court should begin by identifying all allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at

555, 557. This complaint is woefully deficient since no facts are alleged to prove the Defendants are liable.

A plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. He must "provide the 'grounds' of his 'entitle [ment] to relief.' " *Id.* Legal conclusions and naked assertions are, therefore, "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. This complaint is entirely formulaic, and fails to show *facts* showing liability of the Defendants.

Next, the court must identify the "well-pleaded, non-conclusory factual allegations" in the complaint. *Id*. These allegations the court must accept as true including all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177-178 (3d Cir. 2007). From these facts, the court determines whether or not the complaint states a plausible right to relief. *Iqbal*, 556 U.S. at 679.  No such facts are present here.

A plausible right to relief is more than a possible right to relief. *Id*. at 678. It requires the plaintiff to plead *facts* which are more than "merely consistent with a defendant's liability." *Id*. Therefore, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. A complaint which demonstrates a mere possibility of a right to relief is insufficient to survive a 12(b)(6) motion to dismiss. *Id*. This is precisely the sort of complaint we have here.

Since Plaintiff has not alleged *facts* consistent with an 8th or 14th Amendment violation, and he has not alleged personal responsibility on behalf of the Defendants, the case should be dismissed with prejudice.

## A. <u>FAILURE TO ALLEGE 8TH AMENDMENT VIOLATIONS</u>

The Plaintiff alleges, without specifics, that Defendants failed to treat his mental illness (Doc 1, generally). It is only with a reference to his attachments to the Complaint that his idea of "treatment" becomes clear. He wanted a single cell (Z Code status) (Doc 1-1, p. 1). The inmate then attacks his cellmate and alleges *he* has mental distress as a result of being prosecuted for the attack (Doc 1-1, p. 5). Being properly and legally prosecuted for assaulting someone is not a constitutional violation and not being given a single cell is not a failure to treat.

Plaintiff has not, and cannot assert that these Defendants were objectively or subjectively aware of a risk of harm, *See Farmer v. Brennan,* 511 U.S. 825 (1994). The "Requests to Staff" which are appended to the Complaint do not state that he will attack anyone, they simply state that he does not want a cellmate and he is in "mental distress" (Doc 1-1). Those statements would not put any reasonable person

on notice either objectively or subjectively that there was any risk of harm here. In fact, the risk is from the Plaintiff here, not an innocent victim.

Defendants assert that this complaint is also in violation of the holding of *Younger v. Harris,* 401 U.S. 37 (1971), since Plaintiff, in essence, is challenging his prosecution by claiming he should get money damages as a result of a prosecution for assaulting another inmate. He is disclaiming responsibility for the his criminal action, which is a challenge to his prosecution. There is no precedent allowing such a claim.

## II. FAILURE TO PLEAD PERSONAL RESPONSIBIITY

Plaintiff failed to plead facts consistent with any liability on behalf of the Defendants. None of the Defendants are medical care providers who could be found liable on these claims of mental health problems. Further, the allegations concern the Defendants dealings with multiple Requests to Staff and finally a Grievance, which do not create personal responsibility on behalf of the Defendants.

The Complaint has virtually no information about what the Defendants in this case are accused of here.  It can only be divined by referring to the Requests to Staff and the one Grievance which the inmate attached to the Complaint. Presuming, *arguendo,* that the attachments will be sufficient to state a claim, Defendants will respond.

The claims against the Defendants are as follows:

### Jennifer Rossman, CCPM

The allegation against Jennifer Rossman is that Plaintiff told her that he and his cellmate "were not getting along." (Doc 1-1, p. 1). He goes on to state that he does not want a cell mate, which is not a diagnosis, and more importantly, as Ms. Rossman explained to the inmate in her reply, she does not have control of cell assignments. As a result, she cannot be personally responsible.

### Major Curtis Grice

Plaintiff wrote a Request to Staff Member to him, stating the same complaints that he wanted to be single celled.  This is not a psychological problem, and it does not create personal responsibility on behalf of Major Grice, or any other Defendant. The language used does not indicate there is any risk here.

### Ms. Baker

Ms. Baker is listed as "Psychology Staff." Plaintiff advised her in a Request to Staff that he was in "emotional distress" and could not sleep. These complaints do not create personal responsibility creating liability against her, as again, they do not show any risk of harm, particularly risk from this inmate. Further, just like Ms. Rossman, above, she did not have authority over cell assignments.

**Ms. Nelson**

This Defendant is the Unit Manager. Again, the inmate filed a Request to Staff which states he can't get along with his cellmate, and remarkably, although he said he is "paranoid," it was he who attacked his cellmate. Ms. Nelson advised him to find a cellmate who was appropriate. The inmate was not on a "Z-Code" which requires a single cell assignment, as he was told in the response. Without such a designation, his desire to be in a single cell is not a medical problem (Doc 1-1, p. 2). And again, no risk of harm is set forth in this document.

Even taken in a light most favorable to Plaintiff, the record does not support an Eighth Amendment claim against the Defendants because Plaintiff's allegations simply present a disagreement over his cellmate, if that can be considered "treatment. " This is not actionable under the law. This is particularly applicable here since Defendants are not medical care providers, and they could not overrule medical  decisions.

In order to state a claim against a correctional health care provider under 42 U.S.C. §1983, Plaintiff must prove "deliberate indifference to a serious medical need" on the part of the provider.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Subjectively, prison officials must exhibit "deliberate indifference" to those needs. *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003).  An allegation of mere negligence  or  medical  malpractice  does  not  rise  to  the  level  of  an  Eighth

Amendment violation, *Estelle*, 429 U.S. at 105.  Under § 1983, a plaintiff must show that the defendant was 'personal[ly] involve[d]' in depriving him of his rights. *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2005). Since Defendants were not in charge of cell assignments, they cannot be personally responsible.

Every defendant in a Section 1983 action must be shown by the allegations in the complaint to be personally involved in the complained of conduct or have actual knowledge of or acquiesced in the commission of the wrong.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  Liability must be based on personal culpability and personal blameworthiness.  *Bracey v. Grenoble*, 494 F.2d 566 (3d Cir. 1974). "[L]iability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207. Even if such liability could be found, it does not apply here since the Defendants could not have appreciated a risk of harm from the documents this inmate submitted (Doc 1-1).

The law requires knowledge and intent to sustain a claim for deliberate indifference. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (holding that in order to state an Eighth Amendment claim against a prison official, the official "must have a sufficiently culpable state of mind" of "deliberate indifference to inmate health and safety," thereby making deliberate indifference "a subjective standard"). The

Defendants could not have had such a state of mind because the documents provided show no such risk.

The Third Circuit has held that a non-physician, such as an administrator, is not deliberately indifferent "simply because they failed to directly respond to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F. 2d 64, 69 (3d Cir. 1993). See also *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts, . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Daniels v. Delaware*, 120 F. Supp. 2d 411, 427 (D. Del. 2000) (supervisory personnel not liable to inmate complaining of deliberately indifferent medical care); *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (prison medical director was not found liable where he could not substitute his decisions for that of medical doctors). Since Defendants were not medical care providers, they cannot be held liable.

### III.   FOURTEENTH AMENDMENT CLAIM

Plaintiff has made a 14th Amendment claim without describing it as substantive or procedural (Doc 1, p. 3). He lists no legal procedure that was impeded here, so it is presumed this is a substantive due process claim.

A substantive due process claim will not apply here, since Plaintiff is claiming 8th Amendment violations. The Third Circuit has held that, "[w]here a

particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 374-75 (3d Cir. 2016) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Since this case will be analyzed under 8th Amendment case law, any claim under the 14th Amendment is superfluous. Such claims should be dismissed.

Finally, Plaintiff cannot cure the deficiencies in this Complaint by amendment, and as a result, since amendment will be futile, the case should be dismissed with prejudice.

### IV. <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Complaint be dismissed with prejudice.

Respectfully submitted,

**JOSH SHAPIRO**
**Attorney General**

By:   *s/ Daniel J. Gallagher*
      **DANIEL J. GALLAGHER**
**Office of Attorney General**    **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 30451**
**Harrisburg, PA 17120**
**Phone: (717) 783-2034**
      **KAREN M. ROMANO**
**dgallagher@attorneygeneral.gov**    **Chief Deputy Attorney General**
      **Civil Litigation Section**

**Date: October 12, 2021**                    **Counsel for Defendants**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NYHEIM REAVES,** | : | |
| **Plaintiff** | : | **No. 3:21-CV-1282** |
| | : | |
| **v.** | : | **Magistrate Judge Joseph F. Saporito, Jr.** |
| | : | |
| **JENNIFER ROSSMAN, CURTIS GRICE, MS. BAKER** *and* **MS. NELSON,** | : | **Electronically Filed Document** |
| | : | |
| | : | *Complaint Filed 07/21/21* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Daniel J. Gallagher, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 13, 2021, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion to Dismiss to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**[1]
**Nyheim Reaves, LW-9949**
**SCI Phoenix**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

  *s/ Daniel J. Gallagher*
**DANIEL J. GALLAGHER**
Deputy Attorney General

---

[1]     Pursuant to changes to the Department of Corrections' mail procedures, all mail, except mail from an inmate's attorney or from a court, must be processed through the vendor listed.