IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NYHEIM REAVES,

   Plaintiff,

v.

JOHN WETZEL, et al.,

   Defendants.

No. 3:21-CV-1282

Magistrate Judge Saporito, Jr.

## PLAINTIFF'S AMENDED COMPLAINT

### I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

2. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. § 1391, because it is where the events giving rise to this claim occurred.

4. Plaintiff's claim for declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff's claim for injunctive relief is authorized under 28 U.S.C. §§ 2283 and 2284, as well as Fed. R. Civ. P. 1531.

## II. PLAINTIFF

6. Plaintiff, Nyheim Reaves, is and was at all times mentioned hereinafter a state prisoner of the Commonwealth of Pennsylvania, in the custody of the Pennsylvania Department of Corrections ('Pa.DOC', hereinafter). Plaintiff is currently confined at the State Correctional Institution ('SCI', hereinafter) at Phoenix, in Collegeville, Pennsylvania.

## III. DEFENDANTS

7. Defendant, John Wetzel, is the former Secretary of the Pa.DOC, who maintained offices at 1920 Technology Parkway in Mechanicsburg, PA 17050.

8. Defendant, George Little, is the current Secretary of the Pa.DOC, whose primary place of business is located at 1920 Technology Parkway in Mechanicsburg, PA 17050.

9. Defendant, Robert Marsh, is the former Superintendent of SCI-Benner Township, who maintained offices at 301 Institution Drive in Bellefonte, PA 16823.

10. Defendant, Morris Houser, is the current Superintendent of SCI-Benner Township, whose primary place of business is located at 301 Institution Drive in Bellefonte, PA 16823.

11. Defendant, Bradley Booher, is the Deputy Secretary for Centralized Services ('DSCS', hereinafter) at SCI-Benner Township, whose primary place of business is located at 301 Institution Drive in Bellefonte, PA 16823.

11. Defendant, Scott Klinefelter, is the Deputy Secretary for Facilities Management ('DSFM', hereinafter) at SCI-Benner Township, whose primary place of business is located at 301 Institution Drive in Bellefonte, PA 16823.

12. Defendant, Jennifer Roseman, is the Corrections Classification and Program Manager ('CCPM', hereinafter) at SCI-Benner Township, whose primary place of business is located at 301 Institution Drive in Bellefonte, PA 16823.

13. Defendant, Curtis Grice, is the Major of Unit Management at SCI-Benner Township, whose primary place of business is located at 301 Institution Drive in Bellefonte, PA 16823.

14. Defendant, Ms. Nelson, is the Unit Manager of the Diversionary Treatment Unit ('DTU', hereinafter) at SCI-Benner Township, whose primary place of business is located at 301 Institution Drive in Bellefonte, PA 16823. Defendant Nelson's first name is unknown to Plaintiff at this time.

15. Defendant, Ms. Baker, is the Psychology Staff assigned to the DTU at SCI-Benner Township, whose primary place of business is located at 301 Institution Drive in Bellefonte, PA 16823. Defendant Baker's first name is unknown to Plaintiff at this time.

16. Defendant, Kevin Sorber, is the Superintendent at SCI-Phoenix, whose primary place of business is located at 1200 Mokychic Drive in Collegeville, PA 19426.

17. Defendant, Deputy Sipple, is one of two DSCS's at SCI-Phoenix, whose primary place of business is located at 1200 Mokychic Drive in Collegeville, PA 19426. Defendant Sipple's first name is unknown to Plaintiff at this time.

18. Defendant, Deputy Terra, is the other DSCS at SCI-Phoenix, whose primary place of business is located at 1200 Mokychic Drive in Collegeville, PA 19426. Defendant Terra's first name is unknown to Plaintiff at this time.

19. Defendant, Deputy Panasiewicz, is the DSFM at SCI-Phoenix, whose primary place of business is located at 1200 Mokychic Drive in Collegeville, PA 19426. Defendant Panasiewicz's first name is unknown to Plaintiff at this time.

20. Defendant, Mr. Luquis, is the Unit Manager for the Intensive Management Unit ('IMU', hereinafter) at SCI-Phoenix, whose primary place of business is 1200 Mokychic Drive in Collegeville, PA 19426. Defendant Luquis' first name is unknown to Plaintiff at this time.

21. Defendant, Ms. Stickney, is the Psychology Staff assigned to the IMU at SCI-Phoenix, whose primary place of business is located at 1200 Mokychic Drive in Collegeville, PA 19426. Defendant Stickney's first name is unknown to Plaintiff at this time.

22. Each Defendant is sued individually and in their official capacities. At all times mentioned herein, each Defendant acted under color of state law.

## IV. FACTUAL ALLEGATIONS

23. Plaintiff incorporates by references the preceding paragraphs of this Complaint as if set forth in full herein.

24. On or about January 5, 2021, Plaintiff was verbally notified by the Program Review Committee ('PRC', hereinafter) at SCI-Benner Township, that he was on the Restricted Release List ('RRL', hereinafter), which means he is to be housed indefinitely in solitary confinement, in violation of law.

25. Defendants Booher, Klinefelter, Rossman, Grice, Nelson and Baker comprise the PRC at SCI-Benner Township.

26. Plaintiff avers that PRC's arbitrary placement onto RRL violates his constitutional right to Due Process as a matter of law, due to the lack of notice, the opportunity to be heard, or the opportunity to appeal said placement. In fact, Plaintiff was only told after-the-fact, that he was capriciously added to the RRL, without any Due Process whatsoever, in violation of policy and law.

27. Plaintiff avers that Defendants Walsh and Houser were derelict in their duties as appellate reviewers of all PRC actions at SCI-Benner Township, by their failure to respond to Plaintiff's attempts to appeal his RRL placement. Further, Defendants Marsh and Houser violated Plaintiff's constitutional rights to both procedural and substantive Due Process by failing to act on Defendants Booher, Klinefelter, Rossman, Grice, Nelson and Baker's violation of Plaintiff's constitutional rights.

28. Plaintiff avers that each Defendant at SCI-Benner Township knew, or should have known, that Plaintiff has been diagnosed with serious mental illness ('SMI', hereinafter), due to Plaintiff being assigned to be housed in the DTU at SCI-Benner Township.

29. Plaintiff avers that each Defendant at SCI-Benner Township knew, or should have known, that Plaintiff has been diagnosed with a cognitive learning disability, due to Plaintiff being assigned to the DTU at SCI-Benner Township.

30. Plaintiff avers that each Defendant at SCI-Benner Township knew, or or should have known, that Plaintiff has been assigned to the D-Roster Enhanced Mental Health Protocol ('D-Code', hereinafter), which is why Plaintiff was assigned to the DTU at SCI-Benner Township.

31. Plaintiff avers that each Defendant at SCI-Benner Township was deliberately indifferent to his cognitive learning disability and his SMI by exposing him to the cruel and unusual punishment of indefinite solitary confinement, in violation of his constitutional rights.

32. Plaintiff avers that his RRL designation is not for any disciplinary or penological reason, but is solely for administrative purposes.

33. Plaintiff avers that RRL is a state of administrative custody wherein a prisoner is held indefinitely in solitary confinement in the Restrictive Housing Unit ('RHU', hereinafter), and is subject to severe restrictions on his ability to interact with anyone, whether it be staff, other inmates, or visitors from outside the prison.

34. Plaintiff avers that being held indefinitely in solitary confinement on RRL has exacerbated his SMI symptoms, causing him stress, anxiety, weight loss, loss of sleep and other difficulties that have caused him pain and suffering, in violation of his constitutional rights.

35. On March 29, 2021, Plaintiff was transferred from SCI-Benner Township to SCI-Phoenix.

36. Upon his initial arrival to SCI-Phoenix, Plaintiff was temporarily housed on B-block, which is the DTU at SCI-Phoenix, where D-Code prisoners are housed while in the RHU.

37. On March 31, 2021, Plaintiff was told by PRC on B-Block of SCI-Phoenix that due to his RRL status, he would not be housed in the DTU at SCI-Phoenix, instead he would housed in the IMU, on L-block.

38. On April 7, 2021, Plaintiff was seen by PRC in the IMU, which is comprised of Defendants Sipple, Terra, Panasiewicz, Luquis and Stickney. On this date, Plaintiff was told that his RRL status would be reviewed, due to his D-Code designation, as a prisoner diagnosed with a cognitive learning disability and SMI.

39. Plaintiff avers the Defendants Sipple, Terra, Panasiewicz, Luquis and Stickney were deliberately indifferent to his serious medical needs by continuing his RRL status indefinitely without penological justification, in violation of his constitutional rights.

7.

40. Plaintiff avers that Defendant Sorber was derelict in his duty as appellate reviewer of all PRC actions at SCI-Phoenix, by failing to respond to Plaintiff's attempt to appeal PRC's arbitrary continuation of his RRL status.

41. Plaintiff avers that each Defendant at SCI-Phoenix violated his constitutional right to both procedural and substantive Due Process, by failing to provide him any post-deprivation remedy to appeal the arbitrary continuation of his RRL status.

42. Plaintiff avers that each Defendant at SCI-Phoenix knew, or should have known, that Plaintiff has been diagnosed with SMI, due to his being designated a D-Code.

43. Plaintiff avers that each Defendant at SCI-Phoenix knew, or should have known, that Plaintiff has been diagnosed with a cognitive learning disability, due to his being designated a D-Code.

44. Plaintiff avers that each Defendant at SCI-Phoenix was deliberately indifferent to his serious medical needs, as a D-Code prisoner diagnosed with SMI and a cognitive learning disability, by capriciously continuing Plaintiff's RRL status without penological justification, further exposing him to the cruel and unusual punishment of indefinite solitary confinement, in violation of Plaintiff's constitutional rights.

45. Plaintiff avers that Defendant Wetzel was derelict in his duty to review Plaintiff's RRL status, in an individualized, meaningful way, denying Plaintiff his constitutional right to both procedural and substantive Due Process.

46. Plaintiff avers that Defendant Wetzel has created policies, practices and customs that made him the ultimate decision-maker as to Plaintiff's RRL placement and continued RRL status, without any individualized, meaningful review of Plaintiff's obvious vulnerabilities of being a D-Code prisoner with a cognitive learning disability and SMI, which blatantly violates Plaintiff's constitutional right to both procedural and substantive Due Process.

47. Plaintiff avers that Defendant Wetzel has created policies, practices and customs that have allowed each Defendant at SCI-Benner Township to expose Plaintiff to cruel and unusual punishment and atypical and significant hardship, by arbitrarily placing him on RRL without constitutionally-adequate Due Process as a matter of law, in violation of Plaintiff's constitutional rights.

48. Plaintiff avers that Defendant Wetzel has created policies, practices and customs that have allowed each Defendant at SCI-Phoenix to continue Plaintiff's exposure to cruel and unusual punishment and atypical and significant hardship, by arbitrarily continuing Plaintiff's RRL status without constitutionally-adequate Due Process as a matter of law, in violation of Plaintiff's constitutional rights.

49. Plaintiff avers that Defendant Little has continued Defendant Wetzel's abusive policies, practices and customs, in regards to RRL placement without constitutionally-adequate Due Process as a matter of law, in violation of Plaintiff's constitutional rights.

50. Plaintiff avers that Defendant Little has continued Defendant Wetzel's abusive policies, practices and customs, which have allowed all of the other Defendants in this matter to capriciously continue Plaintiff's RRL status without any constitutionally-adequate Due Process as a matter of law, in violation of Plaintiff's constitutional rights.

51. Plaintiff avers that each Defendant in this matter have been deliberately indifferent to his serious medical medical needs, as a D-Code prisoner with a cognitive learning disability and SMI, by exposing him to the cruel and unusual punishment of indefinite solitary confinement, in violation of Plaintiff's constitutional rights.

52. Plaintiff avers that Dr. Stuart Grassian is a Board Certified Psychiatrist who was on the faculty of the Harvard Medical School for over 25 years. He is a world-renowned expert on the psychiatric effects of solitary confinement, and has had extensive experience in evaluating the psychiatric effects of solitary confinement.

53. Plaintiff avers that Dr. Grassian is the author of "Psychiatric Effects of Solitary Confinement," 22 Wash. U.J.L. and Pol'y 325 (2006), and several other scholarly works on the psychiatric effects of solitary confinement.

54. Plaintiff avers that Dr. Grassian's body of scholarly work was recognized by Supreme Court Justice Anthony Kennedy in his concurring opinion in **Davis v. Ayala**, 576 U.S. 257, 289 (2015) ("... research still confirms what this Court suggested over a century ago: Years on end of near-total isolation exact a terrible price... common side effects of solitary confinement include anxiety, panic, withdrawl, hallucinations, self-mutilation, and suicidal thoughts and behaviors").

55. Plaintiff avers that Defendant Wetzel has previously admitted, under oath during deposition testimony, that he was specifically familiar with Dr. Grassian's research and conclusions about the effects of solitary confinement, and had discussed Dr. Grassian's findings with other doctors. Further, Defendant Wetzel also testified under oath that a prisoner's mental health should be considered when placing that prisoner in long-term solitary confinement. As a result, each Defendant knew, or should have known, that putting Plaintiff on RRL, as a D-Code prisoner who is psychologically vulnerable is inhumane, resulting in cruel and unusual punishment and atypical and significant hardship, in violation of Plaintiff's constitutional rights. See, **Shoats v. Horn**, 213 F.3d 140, 144 (3d Cir. 2000).

56. Plaintiff avers that each Defendant in this matter denied him both procedural and substantive Due Process as a matter of law, in violation of Plaintiff's constitutional rights.

57. Plaintiff avers that each Defendant in this matter was, and continues to be, deliberately indifferent to his serious medical needs, in violation of Plaintiff's constitutional rights.

58. Plaintiff avers that each Defendant in this matter intentionally and recklessly exposed him to cruel and unusual punishment, in violation of Plaintiff's constitutional rights.

59. Plaintiff avers that each Defendant in this matter intentionally and recklessly exposed him to atypical and significant hardship, in violation of Plaintiff's constitutional rights.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

60. Plaintiff incorporates by references the preceding paragraphs of this Complaint as if set forth in full herein.

61. Plaintiff avers that he has exhausted all available administrative remedies because Defendants Marsh, Houser and Sorber failed to respond to Plaintiff's appeals of PRC Defendants actions, rendering any further appeals unavailable, and exhausted as a matter of law. See, Robinson v. Supt. of Rockview, SCI, 831 F.3d 148 (3d Cir. 2016).

62. Plaintiff avers that the Third Circuit Court of Appeals has previously found that there are no administrative remedies available for RRL placement and continuation. See, Johnston v. Wetzel, 431 F. Supp. 3d 666 (3d Cir. 2019).

## VI. LEGAL CLAIMS

63. Plaintiff claims that each Defendant failed to provide him any Due Process whatsoever, as it relates to either his initial placement onto RRL, the purported review of his RRL status, and the continuation of his RRL designation. Defendants' wrongful and total denial of both procedural and substantive Due Process violated, and continues to violate, Plaintiff's rights under the Fourteenth Amendment of the United States Constitution, and is causing Plaintiff injury as a result of the lack of any meaningful opportunity to challenge his RRL status on any level.

64. Plaintiff claims that each Defendant knowingly and callously exposed him to cruel and unusual punishment by recklessly ignoring Plaintiff's psychological vulnerabilities, as a D-Code prisoner with a cognitive learning disability and a SMI diagnosis, and placing him on the RRL, in indefinite solitary confinement, then arbitrarily continuing that RRL status perpetually without any Due Process whatsoever. Defendants' wrongful actions violated, and continue to violate, Plaintiff's rights under the Eighth Amendment of the United States Constitution, and is causing Plaintiff injury as a result of the conditions of his confinement.

65. Plaintiff claims that each Defendant was, and continues to be, deliberately indifferent to his serious medical needs, as a psychologically vulnerable, D-Code prisoner, with a cognitive learning disability and an SMI diagnosis, by callously placing Plaintiff on the RRL, despite the known risks that long-term solitary confinement poses to Plaintiff. Defendants' wrongful actions violated, and continues to violate, Plaintiff's rights under the Eighth Amendment of the United States Constitution, and is causing Plaintiff injury as a result of the irreparable psychological harm Plaintiff is being forced to endure.

66. Plaintiff claims that each Defendant knowingly and callously exposed him to atypical and significant hardship, by recklessly ignoring Plaintiff's psychological vulnerabilities, as a D-Code prisoner with a cognitive learning disability and a SMI diagnosis, and placing him on the RRL, in indefinite solitary confinement, without any clear path to ever get off RRL, or even challenge such an abusive practice. Defendants' wrongful actions violated, and continues to violate, Plaintiff's rights under the Eighth Amendment of the United States Constitution, and is causing Plaintiff injury as a result of the disparity in treatment in comparison to the ordinary incidents of prison life.

67. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been, and will continue to be, irreparably injured by the Defendants' gross deprivation of Plaintiff's constitutional rights, unless this Court grants the declaratory and injunctive relief requested herein.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment:

68. Granting Plaintiff a declaration stating that the acts and omissions described herein violate Plaintiff's rights under the Constitution and laws of the United States, and

69. Granting Plaintiff a permanent injunction enjoining Defendants from perpetually continuing Plaintiff's RRL status without any Due Process whatsoever, and barring any future retaliatory conduct towards Plaintiff, and

70. Granting Plaintiff compensatory damages, in the amount of $50,000.00, or, any amount to be determined by a jury, against each Defendant, jointly and severally, and

71. Granting Plaintiff punitive damages, in the amount of $100,000.00, or, any amount to be determined by a jury, against each Defendant, jointly and severally, and

72. Plaintiff seeks a jury trial on all issues triable by a jury, and

73. Plaintiff also seeks the recovery of all costs associated with the pursuit of this lawsuit, and

74. Any additional relief this Court deems proper, just and equitable.

## VIII. VERIFICATION

I, Nyheim Reaves, hereby verify under penalty of perjury, pursuant to the penalties provided for in 28 U.S.C. §1746, that the foregoing Plaintiff's Amended Complaint is true and correct to the best of my knowledge.

Date: November 29, 2021

Respectfully submitted,

*/s/ Nyheim Reaves*

Nyheim Reaves
D.O.C. # LW9949
1200 Mokychic Drive
Collegeville, PA 19426

Wheim Reaves
D.O.C. # LW949
100 Mokychic Drive
Collegeville, PA 19426

U.S. District Court
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA 18501-1148

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

RECEIVED
SCRANTON
DEC 01 2021
PER _____
DEPUTY CLERK

neopost
11/29/2021
FIRST-CLASS MAIL
$002.16
ZIP 19426
041M11255214